UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ADAM PHOTOGRAPHY LLC<br><br>                    Plaintiff,<br><br>        - against -<br><br>B&S DECORATING ENTERPRISES, INC.<br><br>                    Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Matthew Adam Photography LLC ("Matthew" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant B&S Decorating Enterprises, Inc. ("Decorating" or Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of three (3) copyrighted photographs of a wedding, owned and registered by Matthew, a New York based wedding photography company. Accordingly, Matthew seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Matthew is a wedding photography company that is in the business of taking wedding photographs with a principal place of business of 34 Muttontown Lane, East Norwich, New York, 11732.

6. Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of New York. Defendant is a well known florist company on Long Island that provides flowers for weddings with a principle place of business at 138 Liberty Avenue, Mineola, New York, 11501. At all times material hereto, Defendant has owned and operated a website at the URL: www.flowersbybrian.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photographs**

7. On October 13, 2013, Matthew photographed a wedding (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. The Photographs featured a watermark logo identifying Matthew as the owner of the Photographs.

9. Matthew is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs have a pending US Copyright Registration number of 1-3861416941. See Exhibit B.

**B.     Defendant's Infringing Activities**

11. Defendant copied the Photographs and placed them on promotional post cards and placed them on wedding venue halls to solicit business. Defendant copied the Photographs and placed it on their Website to get business. True and correct copies of the Website and post cards are attached hereto attached as Exhibit C.

12. Defendant did not license the Photographs from Plaintiff, nor did Defendant have Plaintiff's permission or consent to publish the Photographs in any medium.

13. Upon information and belief, Defendant removed Plaintiff's watermarked logo and did not attribute the Photographs to anyone.

14. Plaintiff contacted Defendant numerous times to remove the Photographs from their Website and post cards and Defendants did not take any action to remove the Photographs.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16. Defendant infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website and post cards. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

17. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff, is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. The Photographs contained copyright management information under 17 U.S.C. § 1202(b).

23. Upon information and belief, on the Website and post cards, Defendant intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

24. The conduct of Defendant violates 17 U.S.C. § 1202(b).

25. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

27. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees, and all persons or entities acting in concert or participation with any Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photographs pursuant to 17 U.S.C. § 502.

4. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs.

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 4, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Matthew Adam Photography LLC*